IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH STROHL, Plaintiff | : : : | CIVIL ACTION |
| vs. | : : : | No. 14-_____ |
| R.J. SKELDING, Defendant | : : | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Kenneth Strohl, is an adult individual residing at 526 E. Main St., Bath, Northampton County, Pennsylvania..

2. Defendant, R.J. Skelding, is a business entity with offices at 840 N. Dauphin St.., Allentown, Lehigh County, Pennsylvania.

## JURISDICTION

3. This Honorable Court has jurisdiction over this matter pursuant to its federal question jurisdiction, codified at 28 U.S.C. § 1331, because this case arises under federal law, specifically the Age Discrimination in Employment Act ("ADEA)", 29 U.S.C. § 621, et seq., and including its anti-retaliation provision, 29 U.S.C. § 623(d).

4. All conditions precedent to jurisdiction have occurred, namely, (a) Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the challenged employment action; and (b) the EEOC issued a Right to Sue notice on May 1, 2014, and this action is being filed within 90 days of the receipt thereof.

## FACTS

5. Plaintiff is an older worker, born in 1969, who was 43 years old at the time of the termination of his employment with Defendant.

6. Plaintiff began working for Defendant as an Electrician in approximately 1995.

7. On April 27, 2012, Plaintiff was terminated by the Defendant purportedly due to complaints about the quality of his work made by individuals from Allied Construction.

8. Plaintiff was aware that the supervisor at this job on behalf of Allied Construction, Jim Davidson, was in fact very happy with Plaintiff's work.

9. Plaintiff was especially surprised that Defendant produced a letter purporting to be from Allied Construction, that claimed dissatisfaction with Plaintiff's job performance.

10. Plaintiff filed a Charge of Discrimination with the EEOC, contending that the letter was fraudulent, and a pretext for terminating Plaintiff due to his age.

11. Defendant's owner, Bob Skelding, was able to verify that one of hismanagers had fabricated the letter in an attempt to terminate Plaintiff, and Bob Skelding used his authority to re-hire Plaintiff.

12. As part of this rehiring, Bob Skelding insisted that Plaintiff withdraw the Charge of Discrimination that he filed with the EEOC, and Plaintiff agreed to do so, so that he could return to work.

13. After Plaintiff returned to work, he was laid off on December 10, 2012.

14. Plaintiff assumed the lay-off was legitimate, since it is not uncommon for electrician work to be slow in the winter months.

15. In January, 2013, Plaintiff was aware that other younger workers were being called back into work, but he was not called.

16. Plaintiff called Bob Skelding and asked when he would be able to return to work.

17. On January 22, 2013, Bob Skelding told Plaintiff that Plaintiff was never going to be called back, because Plaintiff had been in jail.

18. Plaintiff's last involvement with the criminal justice system was a misdemeanor conviction in 2000, which was well known to Bob Skelding at the time.

19. Bob Skelding allowed another younger worker to keep working despite his having a criminal history of robbery.

20. Upon information and belief, no other worker for Defendant had ever filed an EEOC Charge complaining about discrimination against Defendant.

21. Defendant is an employer as defined by the ADEA, in that it is engaged in an industry that affects interstate commerce, and employs more than 20 employees for each working day in twenty (20) or more calendar weeks in the current or preceding year.

22. At all times during Plaintiff's employment with Defendant, Defendant significantly affected and controlled Plaintiff's access to his employment with Defendant.

## COUNT ONE: AGE DISCRIMINATION

23. Paragraphs 1-22 are hereby incorporated as if set forth at length.

24. At the time of his termination, Plaintiff was over the age of forty, and in fact was 43 years old.

25. Defendant discriminated against Plaintiff by terminating Plaintiff's employment due to Plaintiff's age, 43 years old.

26. Following Plaintiff's termination, he was replaced and his job duties were taken over by a significantly younger worker.

27. Defendant's termination of Plaintiff due to Plaintiff's age violates the Age Discrimination in Employment Act.

28. As a direct result of Defendant's illegal termination of Plaintiff due to his age, Plaintiff has suffered from a loss of earnings, including wages and benefits, for which damages are claimed.

29. Defendant's actions were willful, wanton, and deliberate, and Defendant knew or was in reckless disregard over whether its conduct violated the ADEA, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. § 626(b), which are hereby claimed.

WHEREFORE, Plaintiff demands that a monetary judgment be entered in his favor, and against Defendant, together with interest, costs of suit, liquidated damages, and reasonable attorney's fees, and that Defendant be ordered to reinstate Plaintiff to his former position, or a comparable position, with Defendant.

## COUNT TWO: RETALLIATION

30. Paragraphs 1-22 are hereby incorporated as if set forth at length.

31. Upon learning that Plaintiff had filed an EEOC Charge, Bob Skelding was personally furious with Plaintiff, but agreed to take him back only if Plaintiff agreed to withdraw his previously filed Charge, and Plaintiff agreed.

32. The EEOC acknowledged in writing that the prior Charge had been withdrawn by letter dated October 25, 2012.

33. At the time that his Charge was dismissed, the owner of Defendant, Bob Skelding, had actual information in his possession that Defendant's managers had fabricated evidence in attempt to justify the termination of Plaintiff.

34. Plaintiff was one of the older workers working for Defendant.

35. Defendant's managers had the intent and purpose to replace Plaintiff, and have his job duties taken over, by a substantially younger worker.

36. Although Defendant's owner had uncovered the plot by his managers to fire Plaintiff based on pretextual evidence, he was personally furious that Plaintiff had filed a claim with the EEOC.

37. Defendant's second termination, occurring on January 22, 2013 was motivated by discrimination against Plaintiff because he had filed a previous EEOC Charge against Defendant.

38. Upon information and belief, no other of Defendant's employees had ever filed a Charge of Discrimination before.

39. After the termination of Plaintiff, his job duties were taken over by a significantly younger worker, who had never before filed a Charge of Discrimination against Defendant.

40. Defendant's termination of Plaintiff due to Plaintiff's having filed a previous Charge of Discrimination violates the Age Discrimination in Employment Act.

41. As a direct result of Defendant's illegal retaliatory termination of Plaintiff, Plaintiff has suffered from a loss of earnings, including wages and benefits, for which damages are claimed.

42. Defendant's actions were willful, wanton, and deliberate, and Defendant knew or was in reckless disregard over whether its conduct violated the ADEA, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. § 626(b), which are hereby claimed.

WHEREFORE, Plaintiff demands that a monetary judgment be entered in his favor, and against Defendant, together with interest, costs of suit, liquidated damages, and reasonable attorney's fees, and that Defendant be ordered to reinstate Plaintiff to his former position, or a comparable position, with Defendant.

Respectfully submitted,

THE ORLOSKI LAW FIRM
/s/ Richard L. Orloski
Richard L. Orloski PAID#80037
Attorney for Plaintiff
111 N. Cedar Crest Blvd.
Allentown PA  18104-4602
(610) 433-2363 phone
(610) 433-4785 facsimile